UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASKA K YOUNG,

　　　　　　　　　Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS;
RIKERS ISLAND; DOC OFFICER COHN,

　　　　　　　　　Defendants.

25-CV-1481 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff initiated this action, *pro se*, when she was detained at the Robert N. Davoren Complex ("R.N.D.C.") on Rikers Island. She filed the complaint in the Eastern District of New York, and on February 21, 2025, that court transferred the action to this district. On March 3, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the fees. Since that date, however, the court's mailings have been returned to the court as undeliverable. Accordingly, by order dated November 3, 2025, the Court directed Plaintiff to show cause within 30 days why this action should not be dismissed without prejudice, based on her failure to update her address with the court, as directed in the court's March 18, 2024 Standing Order, requiring all self-represented litigants to inform the court of each change of address or electronic contact information.[1] *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order").

---

[1] The Court notes that this standing order, mailed to Plaintiff on February 21, 2025, was returned to the court as undeliverable on October 29, 2025. The Clerk's Office re-mailed the standing order to Plaintiff on October 30, 2025, but on December 1, 2025, it was returned to the court again as undeliverable.

Plaintiff did not respond to the Court's December 22, 2025 order or other otherwise communicate with the court. Accordingly, the Court dismisses this action, under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with the March 18, 2024 Standing Order. This dismissal is without prejudice to Plaintiff's filing a new civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   January 27, 2026
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

2